**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JAMIL GULMANN SHIHAB, p/k/a "JAMIL GS," an individual,

Plaintiff,

v.

OKAYPLAYER.COM, LLC, a Pennsylvania limited liability company; and DOES 1-10,

Defendants.

Case No.: 1:26-cv-7007

1. COPYRIGHT INFRINGEMENT;
2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND
3. VIOLATION OF DMCA 17 U.S.C. § 1202

**JURY TRIAL DEMANDED**

Jamil Gulmann Shihab, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Jamil Gulmann Shihab, professionally known as "Jamil GS" is an individual currently residing in the Kingdom of the Netherlands.

5. Jamil GS is informed and believes and thereon alleges that okayplayer.com LLC ("Okayplayer") is a Pennsylvania limited liability company, doing business in and with the State of New York though its address at 285 North 6th Street, 3rd Floor, Brooklyn, New York 11211 as listed on their website.

6. On information and belief, Jamil GS alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. On information and belief, Jamil GS alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPHY

8. Jamil GS is well-renowned photographer known for his photography of hip-hop music and culture. He has collaborated with numerous artists and brands and has been exhibited in world-famous galleries around the globe.

9. Jamil GS created and owns a series of photographs that depict the musicians, Raekwon and Ghostface Killah, depicted below ("Subject Photography").

| Subject Photography |
| --- |
|   |








10. Jamil GS is the sole owner of all rights, title, and interest in the Subject Photography.

11. Jamil GS registered two of the photographs,  with the United States Copyright Office prior to the acts complained of herein. Those photographs are depicted below:

| **Registered Photographs** |
| --- |
|  |



12. The other two photographs were first published outside the United States, in the United Kingdom and Denmark, and were not simultaneously published in the United States. These two photographs are thus no United States Works and are exempt from the registration requirements of the Copyright Act pursuant to the Berne Convention. Those two photographs are depicted below:

**Non-U.S. Works**






13. On information and belief, Jamil GS alleges that, Defendants, and each of them, used the Subject Photography without Jamil GS's permission for commercial purposes including, without limitation, by posting the Subject Photography to their professional social media pages on *www.facebook.com* and *www.instagram.com* which are owned and operated by Okayplayer. True and correct exemplar screen captures, and their accompanying URLs, of the infringing posts are shown below ("Infringing Uses").

///

///

///

///

///

///

///

| Infringing Uses |
|---|
| URL: https://www.instagram.com/p/DEvQqyXMJf3/?hl=en&img_index=1 |







RIKER'S ISLAND
C-76
okayplayer · Follow
okayplayer Around the release of Raekwon's classic, 'Only Built For Cuban Links...,' photographer Jamil GS captured Rae and Ghostface Killah on Canal Street in NYC's Chinatown.
-
: Jamil GS [1995]
2d
zuluneek88 Canal Street was my shopping mall lol
2d 1 like Reply
modownes These are great
2d 1 like Reply
djcomplex Classic half moon Cesar era
2d 4 likes Reply
_dieselmania Rae And Ghost United! Easily my most favorite rap duo ever!
2d 1 like Reply
layale81 Good times in music
2d 3 likes Reply
6,880 likes
2 days ago
Add a comment...
Post


okayplayer · Follow
okayplayer Around the release of Raekwon's classic, 'Only Built For Cuban Links...,' photographer Jamil GS captured Rae and Ghostface Killah on Canal Street in NYC's Chinatown.
-
: Jamil GS [1995]
2d
zuluneek88 Canal Street was my shopping mall lol
2d 1 like Reply
modownes These are great
2d 1 like Reply
djcomplex Classic half moon Cesar era
2d 4 likes Reply
_dieselmania Rae And Ghost United! Easily my most favorite rap duo ever!
2d 1 like Reply
layale81 Good times in music
2d 3 likes Reply
6,880 likes
2 days ago
Add a comment...
Post

**URL:**
https://www.facebook.com/photo/?fbid=1016241283871576&set=pcb.1016243733871331




14. At no point did Okayplayer ever receive authorization or consent from Jamil GS for the Infringing Uses. A comparison of the Subject Photography with the Infringing Uses reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are virtually identical.

15. On July 17, 2025, Jamil GS, through counsel, sent Okayplayer a cease-and-desist letter demanding that they cease-and-desist in their exploitation of the Subject Photograph and provide certain information as to their exploitation of the work in question. Defendants failed to meaningfully respond, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

16. Jamil GS repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

17. Upon information and belief, Jamil GS alleges that Defendants, and each of them, had access to the Subject Photography through including without limitation, viewing the Subject Photography on Jamil GS's website or social media profiles, other sites online, or in physical publications. The identicality of the copying also shows access.

18. Upon information and belief, Jamil GS that Defendants copied, reproduced, displayed, and distributed the Subject Photography online at and on the commercial social media accounts bearing the URLs depicted above.

19. Upon information and belief, Jamil GS alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Photography without Plaintiff's authorization or consent, creating an unlawful derivative work from the Subject Photography.

20. Due to Defendants', and each of their, acts of infringement, Jamil GS has suffered general and special damages in an amount to be established at trial.

21. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Jamil GS's rights in the Subject Photography. As such, Jamil GS is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photography in an amount to be established at trial.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act and/or precludes them from proffering certain defenses or legal positions in litigation.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

23. Jamil GS repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

24. Jamil GS is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged hereinabove. Such conduct included, without limitation, publishing the Subject Photography obtained from third parties that Defendants knew, or should have known, were not authorized to publish the Subject Photography.

25. Jamil GS is informed and believes and thereon alleges that Defendants, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the aforementioned website listings that incorporated the unauthorized copies of the Subject Photography, and were able to supervise the publication of said posts.

26. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Jamil GS has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Jamil GS's rights in the Subject Photography. As such, Jamil GS is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photography, in an amount to be established at trial.

28. Jamil GS is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for

statutory damages under Section 504(c)(2) of the Copyright Act and/or precludes them from proffering certain defenses or legal positions in litigation.

**THIRD CLAIM FOR RELIEF**

**(Violation of 17 U.S.C. §1202 - Against All Defendants, and Each)**

29. Jamil GS repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

30. The Subject Photography was routinely published with attribution, credit, and other copyright management information including Jamil GS's name and the title of the work which identify Jamil GS as the author and owner of the Subject Photography and qualify as copyright management information.

31. Upon information and belief, Jamil GS alleges that Defendants, and each of them, removed Jamil GS's copyright management information, as described above, from the Subject Photography, and/or added false copyright management information to the Subject Photography, before distributing and publishing same.

32. Upon information and belief, Jamil GS alleges that Defendants, and each of them, distributed and published the Subject Photography via websites bearing the URL(s) depicted above, under its own name, and removing Jamil GS's attribution information, including without limitation its name and/or metadata.

33. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

34. When Defendants published the Subject Photography, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a), and did so in order to induce, enable, facilitate, or conceal infringement.

35. When Defendants published the Subject Photography, they removed Jamil GS's copyright management information from the Subject Photography knowing or having reason to know that such removal would induce, enable, facilitate, or conceal and infringement in violation of 17 U.S.C. § 1202(b), as set forth above.

36. As a result of the foregoing, Jamil GS has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under the Digital Millennium Copyright Act.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each and With Respect To Each Claim For Relief:**

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyright in and to the Subject Photography.

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 505, 1203.

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. § 505, 1203;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

///

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: August 17, 2026

By: */s/ David M.S. Jenkins*

Scott Alan Burroughs
David M.S. Jenkins
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
scott@donigerlawfirm.com
djenkins@donigerlawfirm.com
Telephone: (310) 590-1820
*Attorneys for Plaintiff*